**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ROBERT G. CASON,**<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>**MIDDLESEX COUNTY PROSECUTORS' OFFICE** *et al.,*<br><br>　　　　　　　　Defendants. | Civil Action No. 18-02101 (ZNQ) (TJB)<br><br>**OPINION** |

**QURAISHI, District Judge**

**THIS MATTER** comes before the Court upon five total Motions: three Motions to Dismiss which were filed separately by Defendants Middlesex County Prosecutors' Office ("MCPO"), Antonio J. Toto ("Toto"), and Newark New Jersey Public Defender's Office ("Newark PDO"). (ECF No. 34, 46, and 54), a Motion for Judgment on the Pleadings and a Motion for Default Judgment filed by Plaintiff Robert G. Cason ("Cason") (ECF Nos. 42 and 56.) MCPO filed a Brief in Support of its Motion to Dismiss ("MCPO's Moving Br.," ECF No. 34-1). Toto filed a Brief in Support of its Motion to Dismiss ("Toto's Moving Br.," ECF No. 46) and Newark PDO also filed a Brief in Support of its Motion to Dismiss. ("Newark PDO's Moving Br.," ECF No. 54.) Cason opposed both MCPO and Newark PDO's Motions to Dismiss. ("Cason's Opp'n Brs.," ECF Nos. 35, 58.) MCPO and Newark PDO replied. ("MCPO's Reply" ECF No. 38; "Newark PDO's Reply," ECF No. 62.) MCPO also opposed the Motion for Judgment on the Pleadings ("MCPO's Opp'n to Motion for Judgment on the Pleadings," ECF No. 45) and the Motion for Default Judgment ("MCPO's Opp'n to Request for Default Judgment," ECF No. 41.) Cason replied to MCPO's opposition to his Motion for Judgment on the Pleadings. ("Cason's

1

Reply to Motion for Judgment on the Pleadings." (ECF Nos. 48 and 50.) Cason also filed two requests in conjunction with the Motion for Judgment on the Pleadings and the Motion for Default Judgment as to Defendants Sayreville Police Department ("Sayreville PD"), Old Bridge Police, Officer Bracht, and Officer Teator. (ECF Nos. 36 and 55.) The Court has considered the parties' submissions and decides the Motions without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will GRANT the Motions to Dismiss, DENY the Motion for Default Judgment, and DENY the Motion for Judgment on the Pleadings.

I. **BACKGROUND AND PROCEDURAL HISTORY**

In the context of the pending motions to dismiss, the Court accepts the factual allegations in the Complaint as true and draws all inferences in the light most favorable to Plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

On June 10, 2021, Cason, a *pro se* party, filed an action pursuant to 42 U.S.C. § 1983 ("Section 1983") against several entities including the prosecutor's office, his defense counsel, the police officers, and police department involved in his 2011 state court conviction. (Am. Compl., ECF No. 26.) As a result of his conviction, Cason was incarcerated for thirteen months. (*Id.* at 37.) The underlying facts related to an incident where Cason was stopped for an alleged traffic violation, but in the course of that stop he allegedly resisted arrest and attempted to evade officers. (*Id.* at 6.) As a result of the incident, Cason was charged, convicted, and incarcerated in state prison. (*See generally* Supplement to Am. Compl. at 1–8, ECF No. 26-1.) Now, Cason alleges several errors with the state's investigation and his subsequent trial, and requests that the Court review the state court's proceedings. (Am. Compl. at 5–6.) Cason alleges errors relating to four major entities: (1) the arresting officers' conduct and testimony at trial, (2) the state court's judge's

2

conduct, (3) the prosecutor's office's handling of the case, and (4) his attorney's effectiveness at trial. (*Id.*)

First, Cason alleges that the basis for the charge—that he attempted to evade arrest—is without merit and should be vacated because there was no proof during trial that he was issued a warrant, that a warrant existed, or that he had knowledge of its existence. (*Id.* at 7.) Cason insists that the state court's trial transcript evinces that no warrant existed. (*Id.*)

Second, concerning the officers' conduct, Cason alleges there were inconsistencies with their testimonies at trial. (*Id.* at 10.) Specifically, he alleges that though Officer Bracht, one of the defendants, testified that Plaintiff admitted to having knowledge about a warrant, he claims Officer Bracht's testimony is unreliable because it was not a verbatim account from his prior report. (*Id.*) Cason further cites that there were inconsistencies with the officers' testimony as it relates to his alleged attempt to evade them. (*Id.* at 22.) For example, Cason alleges Officer Teator's account of the time and location of the alleged chase were "material and knowingly false." (*Id.*) Cason also alleges that while the officers testified at trial that they were engaged in a pursuit of him, their report expressly stated otherwise. (*Id.* at 24.) Cason also alleges the officers' account of the events surrounding the resisting arrest charge were also inconsistent. (*Id.* at 34.)

Third, Cason alleges several pieces of evidence which could have been exculpatory were undisclosed. (*Id.*) For example, Cason alleges the nondisclosure of the warrant amounts to a Hearsay, a Brady violation, and prosecutorial misconduct. (*Id.* at 8.) Cason further asserts that the undisclosed evidence consisted of intentional misstatements and omissions including from one of the Defendants, Officer Teator. (*Id.*) Cason alleges the undisclosed evidence amounts to "fraud onto and upon the court." (*Id.*) Cason also insists that "counsel surreptitiously circumvented" the disclosure of material evidence by wrongfully claiming privilege, adding that amounted to

3

conspiracy and fraud upon the state court. (*Id.* at 11.) In line with his claims for non-disclosure, Cason additionally states prosecutors failed to disclose a weather report which would have corroborated his testimony as to the conditions on the date of the incident. (*Id.* at 12.) Cason alleges the nondisclosure of the weather report, like other pieces of evidence, amounts to a Brady violation. (*Id.* at 17.) Cason alleges the prosecutors failed to meet their duty to disclose in relation to the claim of alleged false testimony from the officers. (*Id.* at 23.) Additionally, Cason alleges that the audio transmission to and from dispatch on the date of the incident was exculpatory and should have also been disclosed. (*Id.* at 29.) Cason alleges it should have been disclosed that Officer Bracht was trespassing on Walmart's property while parked and investigating random cars in the parking lot. (*Id.* at 32.) Cason also alleges the prosecutor's failure to interview witnesses who observed the alleged incident of resisting arrest amounted to a Sixth Amendment violation. (*Id.* at 34.)

Fourth, Cason alleges his counsel was ineffective because he failed to object to the claim that there was an outstanding warrant for him. (*Id.* at 8.) Cason also alleges his counsel was ineffective because his counsel failed to introduce a weather report which would have corroborated his case and rebutted the prosecutor's evidence. (*Id.* at 17.) Cason maintains that his counsel suppressed evidence and failed to examine witnesses amounting to a violation of his Sixth and Fourteenth Amendment rights. (*Id.* at 14.) More precisely, Cason alleges his Sixth Amendment right to confrontation was violated because his trial counsel failed to cross examine witnesses and allowed the prosecutor to cross examine him without rehabilitating or rebutting his testimony. (*Id.* at 15.) Cason alleges his counsel was also ineffective because he failed to object to several hearsay statements offered by the prosecution. (*Id.* at 19.) Cason finally asserts his counsel was ineffective because his summation raised non-relevant issues. (Supplement to Am. Compl. at 7.)

4

Fifth, Cason alleges the judge in his state court proceeding was partial and should have been disqualified. (*Id.* at 25.) Specifically, Cason alleges the judge's statement that "I know counsel and the Prosecutor" in ruling that there was no wrongdoing by the prosecutor, was evidence of "prejudice and bias." (*Id.*)

As a result of the alleged errors by the officers, judge, police department, and his counsel, Cason alleges he suffered damages. (*Id.* at 36.) Cason alleges he suffered "a right torn rotary cup and bruises to his . . . legs." (*Id.*) Cason also seeks compensatory and punitive damages in the amount of five million dollars for each month he was incarcerated and on parole. (*Id.*) Cason also seeks economic damages and non-economic damages in the garden variety form. (*Id.*) Cason seeks an unstated value of damages for alleged defamation resulting from his incarceration. (*Id.*) Cason additionally claims he lost the government security clearance he once had and is now unemployable as a result of the conviction and incarceration. (*Id.* at 36–37.)

On July 21, 2021, October 1, 2021, and November 17, 2021, Defendants MCPO, Toto, and Newark PDO respectively filed their Motions to Dismiss. (ECF Nos. 34, 46, and 54.) On August 9, 2021, Cason filed a request for default against MCPO. (ECF No. 36.) On September 8, 2021, Cason filed a Motion for Judgment on the Pleadings. (ECF No. 42.) On December 7, 2021, Cason also filed a Motion for Default Judgment against Defendants Sayreville PD, Officers Bracht, Officer Teator, and Old Bridge Police. (ECF No. 56.) COn July 18, 2022, upon a review of its docket, the Court terminated Cason's second Motion for Judgment on the Pleadings (ECF No. 63), and instead, based on the contents, classified it as a second opposition to Defendant's Newark PDO's Motion to Dismiss.

5

## II.     DISCUSSION

### A. Motions to Dismiss

A district court conducts a three-part analysis when considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must review "the complaint to strike conclusory allegations." *Id.* The court must accept as true all of the plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff . . . ." *Fowler v. UMPC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). In doing so, however, the court is free to ignore legal conclusions or factually unsupported accusations that merely state "the defendant unlawfully harmed me." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678) (citation omitted).

It is well established that a "[*pro se*] complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Montgomery v. Pinchak*, 294 F.3d 492, 500 (3d Cir. 2002); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (demonstrating point that a *pro se* plaintiff's pleading must be liberally construed and is held to a lesser standard than that which is applied to pleadings drafted by attorneys). However, "[e]ven a *pro se* complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief."

6

*Grohs v. Yatauro*, 984 F.Supp.2d 273, 282 (D.N.J. 2013). "In resolving a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may also be taken into account." *Halstead v. Motorcycle Safety Found., Inc.*, 71 F. Supp. 2d 464, 467 (E.D. Pa. 1999) (citing *Chester Cnty. Intermediate Unit v. Penna. Blue Shield*, 896 F.2d 808, 812 (3rd Cir. 1990)).

MCPO raises several arguments[1], among them is that Cason's claims are barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). (MCPO's Moving Br. at 15.) On this point, MCPO contends that Cason's amended complaint "is an attempt to challenge and overturn the outstanding criminal judgment against him" which falls squarely within the *Heck* decision. (*Id.* at 16.) MCPO argues that Cason's complaint is "devoid of any indication that his criminal conviction has been reversed, expunged, or declared invalid" and that as a matter of law, a court cannot overturn Cason's conviction based on an issuance of a writ of habeas corpus. (*Id.*) Therefore, MCPO contends that Cason's claims are improper under *Heck*. (*Id.*)

In opposition, Cason does not address any of MCPO's arguments, but instead contends that MCPO should be sanctioned under Rule 11 for its failure to seemingly rectify a filing error surrounding their motion to dismiss. (Cason's Opp'n at 2, ECF No. 35.) Cason also summarily contends the Court should enter default judgment against MCPO based on MCPO's alleged filing error. (*Id.*) Cason also argues there are several misstatements of facts within MCPO's brief. (*Id.* at 3.) Additionally, Cason restates his allegations that the MCPO committed several errors by

---

[1] MCPO also contends the following: (1) that it is not a "person" amenable to suit under the civil rights statute, (2) that Cason's claims are barred by prosecutorial immunity, (3) that Cason's arguments are unsupported and conclusory, and (4) that Cason's claims are barred because they were filed beyond the statute of limitations under section 1983. (MCPO's Moving Br. 7–18.) In light of Plaintiff's claim being barred by justiciability doctrines, this Court will not address MCPO's other arguments.

7

withholding evidence, and their conduct was fraud upon the state court. (*Id.* at 6–10.) In its reply, MCPO summarily rejects Cason's arguments asserting: (1) it was not in default as is evidenced by the clerk's denial of entry of default, (2) that there was no fraud with the process of service, (3) Cason does not raise a discernable claim, and (4) the Cason's legal support, falls squarely within prosecutorial immunity as they assert.[2] (MCPO's Reply at 2–5.)

Defendant Toto also filed a Motion to Dismiss in which he summarily argues Cason's Complaint should be dismissed because it lacks factual support and that the Complaint is barred by the statute of limitations for claims under section 1983. (Toto's Moving Br. at 2–3.) In its Motion to Dismiss Newark PDO contends, among other points[3], that Cason's claims are barred under the Supreme Court's precedent in *Heck v. Humphrey* and that Cason may not recover punitive damages against it as a matter of law. (Newark PDO Moving Br. at 6–7.) Cason's reply, like his previous filings, mainly reasserts the allegations in his Complaint. (Cason Opp'n at 9, ECF No. 58.) However, Cason adds that the state appellate court did not properly consider his arguments on appeal. (*Id.* at 20.) In addition, Cason argues the state trial court erred in ruling against him during an evidentiary hearing on his state conviction in December of 2015. (*Id.* at 23.) Newark PDO's reply adopts all of the arguments raised in its moving brief. (Newark PDO's Reply at 1.)

---

[2] Cason also improperly files two sur-replies in response to MCPO's reply. (ECF Nos. 39 and 40.) In the replies, Cason mainly reasserts the allegations in his Complaint, claims, without support, that his Complaint is not barred by the statute of limitations for section 1983 claims and asserts that Defendants do not have a claim of immunity. (*Id.*)

[3] Newark PDO also contends the following: (1) that it is not a "person" amenable to suit under the civil rights statute, (2) that Cason's claims are barred by prosecutorial immunity, (3) that Cason's arguments are unsupported and conclusory, (4) that Cason's claims are barred because they were filed beyond the statute of limitations under section 1983, and (5) discovery should be stayed pending the Motion to Dismiss. (Newark PDO's Moving Br. 5–8.) In light of Plaintiff's claim being barred by other justiciability doctrines, this Court will not address Newark PDO's other arguments.

8

### *1. The Rooker-Felman Doctrine*

The *Rooker–Feldman* doctrine is "confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). "The *Rooker–Feldman* doctrine provides that 'federal district courts lack subject matter jurisdiction to review final adjudications of a state's highest court or to evaluate constitutional claims that are 'inextricably intertwined with the state court's [decision] in a judicial proceeding.'" *FOCUS v. Allegheny Cnty. Court of C. P.*, 75 F.3d 834, 840 (3d Cir.1996) (quoting *Blake v. Papadakos*, 953 F.2d 68, 71 (3d Cir.1992)). For the *Rooker-Feldman* doctrine to apply, the following must be satisfied: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great Western Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (quoting *Exxon Mobil Corp.* 544 U.S. at 284)).

"The second and fourth requirements are the key to determining whether a federal suit presents an independent, non-barred claim." *Great Western Mining & Min. Co.*, 615 F.3d at 166. The second element may also be considered "as an inquiry into the source of the plaintiff's injury." *Id.* In determining the source of the injury, "[a] useful guidepost is the timing of the injury, that is, whether the injury complained of in federal court existed prior to the state-court proceedings and thus could not have been 'caused by' those proceedings." *Id.* at 167. (quoting *McKithen v. Brown*, 481 F.3d 89, 98 (2d Cir. 2007)). The fourth element targets "whether the plaintiff's claims

9

will require appellate review of state-court decisions by the district court." *Id.* at 169. Appellate review which "consists of a review of the proceedings already conducted by the 'lower' tribunal to determine whether it reached its result in accordance with law" is not allowed. *Bolden v. City of Topeka, Ks.*, 441 F.3d 1129, 1143 (10th Cir. 2006). In sum, the *Rooker–Feldman* "applies only when in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered or must take action that would render that judgment ineffectual." *FOCUS*, 75 F.3d at 840.

Here, the first element for the doctrine is easily satisfied. Cason, now a Plaintiff, but then a Defendant, lost in state court as he was convicted in 2011 based on the 2008 traffic stop incident wherein he allegedly resisted arrest and attempted to evade officers. (Am. Compl. at 6.) As is alleged in his Complaint, he was incarcerated for thirteen months. (*Id.* at 37.) The second element is also met because Cason's injuries, including his physical, economic, and reputational damages suffered, were all caused, as he alleges, by his state court conviction. Further, Plaintiff seemingly contends that he also suffered injuries because the judge was partial in favor of the prosecution, a strong indication that the source of Plaintiff's injuries is the state court's judgment.

Moreover, the third element is met because all judgments relating to Cason's state court conviction were rendered prior to this federal suit. For example, Cason's conviction occurred in 2011. Since then, two other actions relating to his state court conviction proceeded. In 2014, Cason appealed his conviction up to the New Jersey Supreme Court, which denied certification on December 5, 2014. *See State v. Cason*, 220 N.J. 100 (2014). Also, in December of 2015, there was an evidentiary hearing before a state court judge to determine issues of prosecutorial immunity and his trial counsel's ineffectiveness. (Am. Compl. at 8.) Therefore, based on the allegations and facts, the last state court activity in this case occurred in 2015 and Cason filed his federal complaint

in 2018—three years later and well before this federal suit. Lastly, Cason expressly requests and invites the Court to review and reject the state court conviction and judgments. For example, Cason writes that the Court should "vitiate the lower court's ruling." (Am. Compl. at 14.) Cason's claims fall squarely within the *Rooker–Feldman* doctrine because in order for the Court to rectify the alleged errors stemming from the investigation, trial, and subsequent conviction it must determine that the state court judgment was wrong, and in effect, redo and relitigate the criminal case. Therefore, the *Rooker-Feldman* doctrine presents a bar to Cason's federal court action.

### 2. *The Heck Bar*

In *Heck v. Humphrey*, the Supreme Court held a cause of action under section 1983 does not exist in the context of prisoner litigation if a district court's judgment would invalidate the conviction or sentence rendered by a state court unless that conviction and sentence has been reversed, vacated, expunged, or otherwise favorably terminated. 512 U.S. at 486–87. A plaintiff's lawsuit is barred under section 1983 if "establishing the basis for the . . . claim necessarily demonstrates the invalidity of the conviction." *Id.* at 481–82. "Thus, a plaintiff may not sue 'for alleged unconstitutional conduct that would invalidate his or her underlying sentence or conviction unless that conviction has already been' favorably terminated." *Ortiz v. New Jersey State Police*, 747 F. App'x 73, 77 (3d Cir. 2018) (quoting *Grier v. Klem*, 591 F.3d 672, 677 (3d Cir. 2010)). The *Heck* principles applies for suits for damages and injunctive relief. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). Further, "[c]laims for malicious prosecution or false imprisonment arising from the prosecution, arrest, and imprisonment that led to a plaintiff's conviction are clear examples of *Heck*-barred claims, because success on those claims requires showing unlawful prosecution or imprisonment." *Ortiz*, 747 F. App'x at 77.

11

Here, Cason's claims that his criminal charge was baseless is *Heck* barred because success on those claims requires the Court to invalidate his prior prosecution and conviction. Likewise, with regards to Cason's claims—that his conviction was only obtained because the testifying officers made material misstatements and that prosecutors suppressed exculpatory evidence—necessarily mandates the Court to render his state court conviction null and void. Additionally, to succeed on his claim that the state court judge was biased and should have been disqualified also requires the Court to invalidate that state court's ruling during trial and other proceedings over concerns of judicial partiality—expressly prohibited under *Heck*. Moreover, the Third Circuit's ruling in *Ortiz v. New Jersey State Police* is instructive and binding on this Court. 747 F. App'x at 74. In *Ortiz*, the plaintiff asserted claims for malicious prosecution, suppression of evidence, and fabrication of evidence arising from her state court conviction for drunk driving. *Id.* at 74, 77. The Circuit Court held that plaintiff's claims that "defendants fabricated and suppressed evidence [were] barred by *Heck* because success on those claims would necessarily imply the invalidity of her conviction." *Id.* at 77. The court opined that for plaintiff to succeed on a claim that evidence was knowingly falsified and suppressed, "would necessarily imply that her conviction was invalid." *Id.* at 77–78. Therefore, Cason's federal complaint is dismissed under the *Heck* bar. For these reasons, the Court will grant, with prejudice, Defendants MCPO, Newark PDO, and Toto's motions to dismiss.

### B. Motions for Default Judgment

Federal Rule of Civil Procedure 55 provides that default may be entered against a party that "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Thereafter, the Court may enter default judgment under Rule 55(b)(1) or Rule 55(b)(2). *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 Fed. Appx. 519, 521 n.1 (3d Cir. 2006). Although default

judgment may be entered at the court's discretion, the "entry of default judgments is disfavored as decisions on the merits are preferred." *Super 8 Motels, Inc. v. Kumar*, Civ. No. 06-5231, 2008 WL 878426, at *3 (D.N.J. Apr. 1, 2008) (citation omitted).

"Before entering default judgment, the Court must address the threshold issue of whether it has personal jurisdiction and subject matter jurisdiction over the parties." *Prudential Ins. Co. of Am. v. Bramlett*, Civ. No. 08-0119, 2010 WL 2696459, at *1 (D.N.J. July 6, 2010). Then, "the Court must determine: (1) whether there is sufficient proof of service; (2) whether a sufficient cause of action was stated; and (3) whether default judgment is proper." *Teamsters Health & Welfare v. Dubin Paper Co.*, Civ. No. 11-7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012) (internal citations omitted).

In determining whether granting default judgment is proper, the Court must make factual findings as to "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008). For this purpose, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 n.6 (3d Cir. 2005) (citations omitted).

Cason contends that default judgment should first be entered against MCPO even though he acknowledges MCPO filed its Motion to Dismiss on June 15, 2021, he nonetheless contends it failed to send him a mandatory copy of their motion causing the deadline of July 6, 2021, for a responsive pleading to expire. (Request for Default Judgment against MCPO at 9, ECF No. 36.) Cason argues MCPO's error, as it admitted in a July 20, 2021, letter to the Court, should be a basis for this Court to enter default judgment and is evidence of fraud by MCPO. (*Id.* at 10–11.)

Contrary to Cason's claim, MCPO contends default judgment is improper because it filed a responsive pleading within the allotted time. (MCPO Opp'n to Motion for Default Judgment at 4.) Specifically, MCPO contends it filed a responsive pleading vis-à-vis their Motion to Dismiss on June 15, 2021, which was well within the sixty days of the filing of the June 15, 2021 waiver. (*Id.*) Further, MCPO argues "even with the refiling of their motion on July 21, 2021, [it] still refiled [its] motion before the August 14, 2021 deadline" concluding that all responsive pleadings were in time. (*Id.* at 5.)

Here, Cason's request for default against MCPO is without merit. Cason's request is essentially premised on the fact MCPO failed to send him a mandatory copy of its originally filed Motion to Dismiss and admitted that error. This, however, is an insufficient ground for this Court to enter default. It remains that, as MCPO argues, it filed its first responsive pleading on June 15, 2021—five days after Cason's amended complaint and within the sixty-day requirement under Federal Rule of Civil Procedure 4(d)(3). MCPO's error was acknowledged, and it sought to rectify it in its July 20, 2021, letter to the Court. (ECF No. 32.) In fact, on July 21, 2021, MCPO requested, and the Court set a new briefing schedule, allowing MCPO to refile its motion and Cason more time to respond. (ECF No. 33.) Therefore, Cason's request for default against MCPO is denied.

Cason also filed a request and a Motion for Default Judgment against Defendants Sayreville PD Officer Bracht, Officer Teator, and Old Bridge Police. (ECF Nos. 55 and 56.) In his request, Cason generally contends a summons was executed and served to Sayreville PD and Officers Bracht and Teator on November 10, 2021, with an answer due on December 1, 2021, but to date those parties have neither answered nor moved with respect to his amended complaint filed on June 10, 2021. (Request for Default against Sayreville et. al at 3, ECF No. 55; Affirmation in

Support of Request for Default at 3, ECF No. 55-1.) Further, Cason argues the parties do not fall under the exception for waiver of service. (Affirmation in Support of Request for Default at 4.) As a result of their failure to answer within twenty-one days, Cason asserts Defendants Sayreville PD, Officers Bracht and Teator, and Old Bridge Police have forfeited "any right to plead" and should be barred from further pleadings. (Motion for Default Judgment at 9, ECF No. 56.) To date, none of the above-referenced Defendants have responded.

As previously highlighted in its discussion on the motions to dismiss, the Court seriously doubts that, on the facts alleged in the Complaint, it has jurisdiction over this matter in light of the *Rooker-Feldman* doctrine. The Court also finds Cason's claims may also be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Moreover, Cason's section 1983 claims may also be barred by the statute of limitations.

"A section 1983 claim is characterized as a personal-injury claim and thus is governed by the applicable state's statute of limitations for personal-injury claims." *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "In New Jersey . . . personal injury claims are governed by a two-year statute of limitations." *Est. of Lagano v. Bergen Cty. Prosecutor's Off.*, 769 F.3d 850, 859 (3d Cir. 2014) (citing N.J. Stat. Ann. § 2A:14–2). Here, Cason's Complaint refers to allegations that occurred during his criminal trial in 2011—more than a decade ago. Further, in 2014, Cason appealed his conviction up to the New Jersey Supreme Court, which denied certification on December 5, 2014. *See State v. Cason*, 220 N.J. 100 (2014). Cason had until June of 2016 to bring his section 1983 claim, but Cason did not file his original complaint until February 14, 2018—almost four years following the denial of certification. (ECF No. 1.) *See Lloyd v. Ocean Twp. Couns.*, 857 Fed.Appx. 61, 64 (3d Cir. 2021) (holding that a Plaintiff's claim under section 1983 for false imprisonment, false arrest, malicious prosecution, and fabrication of

evidence were all time barred because they were filed almost more than four years after events giving rise to the claims). Accordingly, the Court may lack jurisdiction and Defendant likely has several meritorious defenses.

The Court will, upon its own motion, order Cason to show cause why the instant matter should not be dismissed under well-settled law of the *Rooker-Feldman doctrine* and *Heck v. Humphrey* as applied to Defendants Sayreville PD, Old Bridge Police, and Officers Bracht and Teator. The Court further orders Cason to show cause why his claims are not barred by the statute of limitations for claim under section 1983. For these reasons, the Court will deny, without prejudice, the motion for default judgment as to Defendants Sayreville PD, Old Bridge Police, and Officers Bracht and Teator.

### C. Motion for Judgment on the Pleadings

The Court considered Cason's arguments in his Motion for Judgment as a Pleading and corresponding submissions. In light of the Court granting Defendants MCPO and Newark PDO's Motions to Dismiss, Cason's Motions for Judgment on the Pleadings against Defendants MCPO and Newark PDO are hereby denied as moot.

### III. CONCLUSION

For the reasons stated above, the Court will GRANT the Motions to Dismiss, DENY the Motion for Default Judgment, and DENY the Motion for Judgment on the Pleadings.

Date: **July 21, 2022**

ZAHID N. QURAISHI
UNITED STATES DISTRICT JUDGE