<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **ROBERT G. CASON**, <br><br> Plaintiff, <br><br> v. <br><br> **MIDDLESEX COUNTY PROSECUTORS' OFFICE**, *et al.*, <br><br> Defendants. | Civil Action No. 18-2101 (ZNQ) (TJB) <br><br> **OPINION** |

<u>**QURAISHI, District Judge**</u>

**THIS MATTER** comes before the Court upon Motions to Dismiss the Third Amended Complaint filed by Defendants Old Bridge Police Department and Officer Bracht (the "OBPD Defendants") ("OBPD Motion", ECF No. 73) and Defendants Sayreville Police Department and Officer Teator (the "SPD Defendants") ("SPD Motion", ECF No. 83). The OBPD Defendants ("OBPD Moving Br.", ECF No. 73-2) and the SPD Defendants ("SPD Moving Br.", ECF No. 83-3) both filed Moving Briefs in support of their Motions. Plaintiff Robert G. Cason ("Plaintiff"), proceeding *pro se*, filed a brief in Opposition to the OBPD Motion ("Opp. to OBPD", ECF No. 85) and a brief in Opposition to the SPD Motion ("Opp. to SPD", ECF No. 88). No replies were filed. Also pending is Plaintiff's Motion to Stay ("Stay Mot.", ECF No. 74) and Motion to Vacate

1

("Vacate Mot.", ECF No. 94) the Court's July 21, 2022 Order[1] (the "July Order"), and his response to the July Order's Order to Show Cause why the Motion for Default Judgment ("Motion for Default", ECF No. 56) should not be dismissed.

The Court has carefully considered the parties' submissions and decides the Motions without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will DENY Plaintiff's Motion to Stay, DENY Plaintiff's Motion to Vacate, DENY Plaintiff's Motion for Default Judgment, GRANT Old Bridge Police Department and Officer Bracht's Motion to Dismiss, and GRANT Sayreville Police Department and Officer Teator's Motions to Dismiss.

I.      **BACKGROUND AND PROCEDURAL HISTORY**

The underlying facts are set forth at length in the Court's July 21, 2022 Opinion. (ECF No. 65; *Cason v. Middlesex County Prosecutors' Office, et al.*, Civ. No. 18-2101, 2022 WL 2871195 (D.N.J July 21, 2022)). The Court refers the parties to that Opinion for a full recitation of the factual background of this dispute.

On February 14, 2018, Plaintiff filed his original complaint. (ECF No. 1.) On September 25, 2018, Plaintiff's original complaint was stricken from the docket based on its improper filing. (*See* ECF No. 5.) Although Plaintiff submitted several amended complaints thereafter, the operative Third Amended Complaint was filed on June 10, 2021. ("Am. Compl.", ECF No. 26.) Between July 21, 2021, and November 17, 2021, Defendants Middlesex County Prosecutors' Office ("MCPO"), Antonio Toto, and Newark, NJ Public Defenders' Office all submitted Motions

---

[1] The July Order granted Defendants Middlesex County Prosecutor's Office, Antonio Toto, and Newark NJ Public Defenders' Office's respective Motions to Dismiss Plaintiff's Amended Complaint (ECF Nos. 34, 46, 54), denied Plaintiff's Motion for Judgment on the Pleadings (ECF No. 42), and denied Plaintiff's Motion for Default Judgment against SPD, Bracht, OBPD, and Teator (ECF No. 56). The July Order also required Plaintiff to show cause in writing why the Motion for Default Judgment should not be dismissed.

to Dismiss Plaintiff's Amended Complaint. (ECF Nos. 34, 46, 54.) On September 8, 2021, Plaintiff filed a Motion for Judgment on the Pleadings ("Motion for Judgment", ECF No. 42) and on December 7, 2021, Plaintiff filed a Motion for Default Judgment as to SPD, Bracht, OBPD, and Teator (ECF No. 56). On July 21, 2022, the Court addressed these motions. ("July Order", ECF No. 66.) In its July Order, the Court granted Defendants MCPO, Antonio Toto, and Newark, NJ Public Defenders' Office's Motions to Dismiss and denied Plaintiff's Motion for Judgment and Motion for Default. (*Id.*) Thereafter, on September 7, 2022, OBPD and Bracht filed their joint Motion to Dismiss (ECF No. 73), and Plaintiff filed his Motion to Stay (ECF No. 74). On September 21, 2022, SPD and Teator filed their Motion to Dismiss. (ECF No. 83.) On November 17, 2022, Plaintiff filed a Motion to Vacate the July Order. (ECF No. 94.)

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 ("Section 1983") against several entities including the prosecutor's office, his defense counsel, the police officers, and police department involved in his 2011 state court conviction. (*See generally*, Am. Compl.) As a result of his conviction, Plaintiff was incarcerated for thirteen months. (*Id.* at 37.) Plaintiff's conviction stemmed from an incident when law enforcement stopped Plaintiff for an alleged traffic violation. (*Id.* at 6.) During the stop he allegedly resisted arrest and attempted to evade law enforcement. (*Id.* at 6.) As a result of the incident, Plaintiff was charged, convicted, and incarcerated in state prison. (*See generally* Supplement to Am. Compl. at 1–8, ECF No. 26-1.) Now, Plaintiff alleges several errors with the state's investigation and his subsequent trial, and requests that the Court review the state court's proceedings. (*Id.* at 5–6.) Plaintiff alleges errors by four major entities: (1) the arresting officers' conduct and testimony at trial, (2) the state court's judge's conduct, (3) the prosecutor's office's handling of the case, and (4) his attorney's effectiveness at trial. (*Id.*)

First, Plaintiff alleges that the basis for the charge—that he attempted to evade arrest—is without merit and should be vacated because there was no proof during trial that he was issued a warrant, that a warrant existed, or that he had knowledge of its existence. (*Id.* at 7.) Plaintiff insists that the state court's trial transcript evinces that no warrant existed. (*Id.*)

Second, Plaintiff alleges inconsistencies with the officers' testimonies at trial. (*Id.* at 10.) Specifically, he alleges that although Bracht testified that Plaintiff admitted to having knowledge about a warrant, Bracht's testimony was unreliable because it was not a verbatim account from his prior report. (*Id.*) Plaintiff further cites to inconsistencies with the officers' testimony as it relates to his alleged attempt to evade them. (*Id.* at 22.) For example, Teator's account of the time and location of the alleged chase were "material and knowingly false." (*Id.*) Furthermore, while the officers testified at trial that they were engaged in Plaintiff's pursuit, their report expressly stated otherwise (*id.* at 24) and the officers' account of the events surrounding the resisting arrest charge were also inconsistent (*id.* at 34).

Third, Plaintiff alleges several pieces of evidence which could have been exculpatory were undisclosed. (*Id.*) For example, the nondisclosure of the warrant amounts to hearsay, a *Brady*[2] violation, and prosecutorial misconduct. (*Id.* at 8.) Plaintiff further asserts that the undisclosed evidence consisted of intentional misstatements and omissions by law enforcement, amounting to "fraud onto and upon the court." (*Id.*) Plaintiff also insists that "counsel surreptitiously circumvented" the disclosure of material evidence by wrongfully claiming privilege, adding to the alleged conspiracy and fraud upon the state court. (*Id.* at 11.) In line with his claims for non-disclosure, prosecutors failed to disclose a weather report which would have corroborated Plaintiff's testimony as to the conditions on the date of the incident, amounting to a *Brady*

---

[2] *Brady v. Maryland*, 373 U.S. 83 (1963).

violation. (*Id.* at 12, 17.) Additionally, the audio transmission to and from dispatch on the date of the incident was exculpatory and should have also been disclosed. (*Id.* at 29.) Plaintiff also alleges that the fact that Bracht was trespassing on Walmart's property while parked and investigating random cars in the parking lot should have been disclosed. (*Id.* at 32.)

As a result of the purported errors by the officers, judge, police department, and his counsel, Plaintiff alleges he suffered damages. (*Id.* at 36.) Namely, that he suffered "a right torn rotary cup and bruises to his . . . legs" and therefore seeks compensatory and punitive damages in the amount of five million dollars for each month he was incarcerated and on parole. (*Id.*) Plaintiff also seeks economic damages and non-economic damages in the garden variety form and an unstated value of damages for alleged defamation resulting from his incarceration. (*Id.*) Plaintiff ultimately claims that he lost the government security clearance he once had and is now unemployable as a result of the conviction and incarceration. (*Id.* at 36–37.)

## II.     **MOTION TO STAY**

On September 7, 2022, Plaintiff filed a Motion to Stay due to alleged mail fraud committed by the Defendants wherein the Defendants would forge Plaintiff's signature to feign Plaintiff's receipt of certified mail with respect to this suit. (Stay Mot. at 1.) Alongside Plaintiff's allegation that Defendants are forging his signature on received mail, Plaintiff also requests a stay "based on Plaintiff's IFP status [which renders him] unable to pay for multiple subpoenas to have Defendant(s) produce . . . essential documents." (*Id.* at 2.) Plaintiff's Motion is unopposed.

On September 13, 2022, Plaintiff filed a notice of appeal as to the July Order. (ECF No. 78.) On January 4, 2023, the Appellate Court dismissed the appeal for lack of appellate jurisdiction. (ECF No. 97.)

5

In determining whether to issue a stay pending appeal, the court must consider whether the movant will suffer irreparable injury absent a stay, whether other parties will suffer substantial injury if a stay is issued, whether the movant has demonstrated a substantial possibility of success on appeal, and the public interests. *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 658 (3d Cir. 1991). "A court may deny a motion for stay if the movant fails to make a showing on any of the above factors." *In re TallyGenicom, L.P.*, Civ. No. 09-175, 2009 WL 734680, at *1 (D. Del. Mar. 20, 2009).

Given that the appellate court has already dismissed Plaintiff's appeal for lack of appellate jurisdiction, Plaintiff's Motion to Stay will be denied as moot.

### III. <u>MOTION TO VACATE</u>

On October 31, 2022, Plaintiff filed a Motion to Vacate the Court's July 21, 2022 Order. (ECF No. 92.) On November 17, 2022, Plaintiff filed a Motion to Amend his previously filed Motion to Vacate. (ECF No. 94.) The Court grants Plaintiff's Motion to Amend his previously filed Motion to Vacate and adopts the amended Motion as the operative Motion.

In his Motion to Vacate, Plaintiff explains that the Court's decision to deny his request for default against Defendant MCPO was mistaken, and it should therefore be vacated.[3] (Vacate Mot. at 3.) Plaintiff essentially realleges his claims against the MCPO as grounds to vacate the July Order. (*Id.* at 4–7, 10–13.) Namely, he contends that default should have been entered against MCPO because it failed to send him a mandatory copy of their motion to dismiss, causing the deadline for a responsive pleading to expire. (*Id.* at 3.) Plaintiff argues MCPO's error, as it admitted in a July 20, 2021 letter to the Court, should be a basis for this Court to enter default and

---

[3] Plaintiff's request for default against the MCPO was premised on the fact that MCPO failed to send him a mandatory copy of its originally filed Motion to Dismiss. The Court held, however, that this was an insufficient ground for this Court to enter default. *Cason,* 2022 WL 2871195, at *7.

6

is evidence of fraud by MCPO. (*Id.* at 8.) Somewhat confusingly, Plaintiff also realleges his claims against Teator and Bracht even though the July Order does not address their Motions. (*Id.* at 8–9.) Plaintiff's Motion is unopposed.

Federal Rule of Civil Procedure 60 provides the legal standards for vacating a judgment or an order. Rule 60(b)(1) provides a limited list of permissible grounds for relief.

In its decision filed on July 21, 2022, the Court explained that Plaintiff's "request for default against MCPO is without merit, [because Plaintiff's] request is essentially premised on the fact MCPO failed to send him a mandatory copy of its originally filed Motion to Dismiss and admitted that error." *Cason*, 2022 WL 2871195, at *7. The Court further held that Plaintiff's argument "is an insufficient ground for this Court to enter default." *Id.* In his Motion to Vacate, Plaintiff fails to meet any of the grounds for relief set forth in in Rule 60. Notably, he presents no newly discovered evidence that would that persuade the Court that its July Order should be vacated. See. Fed. R. Civ. P. (b)(2). Accordingly, Plaintiff's Motion to Vacate will be denied.[4]

IV. **ORDER TO SHOW CAUSE**

On December 7, 2021, Plaintiff filed a Motion for Default Judgment as to SPD, Bracht, OBPD, and Teator. (ECF No. 56.) The Court's July 2022 Order required Plaintiff to show cause why the Motion for Default should not be denied under well-settled law of the *Rooker-Feldman* doctrine[5], *Heck v. Humphrey* bar, and the statute of limitations for claims that fall under 42 U.S.C. § 1983 ("Section 1983"). Plaintiff filed his response on September 6, 2022. ("OTSC Response",

---

[4] The Court also notes that Rule 60 applies only to requests for relief from final judgments, orders, or proceedings. The July Order was not a final order within the scope of Rule 60. Even construing Plaintiff's request as one for reconsideration under Local Civil Rule 7.1, his request fails that Rule's requirements for timing and substance. *See* Local Civil Rule 7.1(i).

[5] The *Rooker–Feldman* doctrine provides that "federal district courts lack subject matter jurisdiction to review final adjudications of a state's highest court or to evaluate constitutional claims that are 'inextricably intertwined with the state court's [decision] in a judicial proceeding.'" *FOCUS v. Allegheny Cnty. Court of C. P.*, 75 F.3d 834, 840 (3d Cir.1996) (quoting *Blake v. Papadakos*, 953 F.2d 68, 71 (3d Cir.1992)).

ECF No. 72.) In his response, Plaintiff argues that default judgment should be entered because both Teator and Bracht have been inconsistent in their alleged actions during the time of Plaintiff's arrest. (*Id.* at 2.) Due to these inconsistencies, Teator and Bracht are committing judicial deception which moves beyond the realm of the *Rooker-Feldman* doctrine and the *Heck v. Humphrey* bar and gives the Court authority to enter default judgment against these two defendants. (*Id.* at 7.) Plaintiff reiterated that SPD, Bracht, OBPD, and Teator failed to answer or move with respect to his amended complaint filed on June 10, 2021 and therefore default judgment should be entered. (*Id.* at 20.) In an attempt to overcome the *Rooker-Feldman* doctrine, Plaintiff argues that his Federal Debt Collection Protection Act ("FDCPA") claim was not litigated at the state level and therefore cannot be barred by *Rooker-Feldman* or *Heck*. (*Id.* at 20–23.) Plaintiff also spends much time arguing the Court's decision to grant the MCPO's Motion to Dismiss—an argument more apt for Plaintiff's Motion to Vacate. (*Id.* at 15–29.)

Federal Rule of Civil Procedure 55 provides that default may be entered against a party that "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Thereafter, the Court may enter default judgment under Rule 55(b)(1) or Rule 55(b)(2). *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 Fed. Appx. 519, 521 n.1 (3d Cir. 2006). Although default judgment may be entered at the court's discretion, the "entry of default judgments is disfavored as decisions on the merits are preferred." *Super 8 Motels, Inc. v. Kumar*, Civ. No. 06-5231, 2008 WL 878426, at *3 (D.N.J. Apr. 1, 2008) (citation omitted).

"Before entering default judgment, the Court must address the threshold issue of whether it has personal jurisdiction and subject matter jurisdiction over the parties." *Prudential Ins. Co. of Am. v. Bramlett*, Civ. No. 08-0119, 2010 WL 2696459, at *1 (D.N.J. July 6, 2010). Then, "the Court must determine: (1) whether there is sufficient proof of service; (2) whether a sufficient

cause of action was stated; and (3) whether default judgment is proper." *Teamsters Health & Welfare v. Dubin Paper Co.*, Civ. No. 11-7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012) (internal citations omitted).

In determining whether granting default judgment is proper, the Court must make factual findings as to "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008). For this purpose, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 n.6 (3d Cir. 2005) (citations omitted).

Plaintiff's response to the Order to Show Cause is substantially deficient because he fails to address the three bases for entry of default judgment, almost entirely neglects to address the *Rooker-Feldman* doctrine and *Heck* bar, and spends most of his response addressing the Court's decision to grant the MCPO's Motion to Dismiss, which was outside the scope of the Order to Show Cause. Confusingly, in his argument to overcome the *Rooker-Feldman* doctrine and *Heck* bar, Plaintiff asserts that his FDCPA claim was not part of his state court trial proceedings. However, after a thorough review of Plaintiff's Amended Complaint, it is abundantly clear that Plaintiff does not allege a FDCPA claim in the instant matter. Insofar as Plaintiff failed to show cause why the *Rooker-Feldman* and *Heck* bar did not apply, the Court will deny Plaintiff's Motion for Default Judgment against Defendants OBPD, SPD, Teator, and Bracht.

V.   **MOTION TO DISMISS**

   A.   **LEGAL STANDARD**

District courts undertake a three-part analysis when considering a motion to dismiss

9

pursuant to Federal Rule of Civil Procedure 12(b)(6). *Malleus v. George,* 641 F.3d 560,563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (alteration in original) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of the plaintiff's well-pled factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009) (quotation omitted). In doing so, the court is free to ignore legal conclusions or factually unsupported accusations that merely state, "the-defendant-unlawfully-harmed-me." *Iqbal,* 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). "[M]ere restatements of the elements of [a] claim[] . . . are not entitled to the assumption of truth." *Burtch v. Milberg Factors, Inc.,* 662 F.3d 212, 224 (3d Cir. 2011) (alterations in original) (quotation omitted). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler,* 578 F.3d at 211 (quoting *Iqbal,* 556 U.S. at 679). "The defendant bears the burden of showing that no claim has been presented." *Hedges v. United States,* 404 F.3d 744, 750 (3d Cir. 2005) (citation omitted).

Rule 12(b)(6) "prohibits the court from considering matters outside the pleadings in ruling on a motion to dismiss for failure to state a claim . . . and a court's consideration of matters outside the pleadings converts the motion to a motion for summary judgment." *Kimbugwe v. United States,* No. 12-7940, 2014 WL 6667959, at *3 (D.N.J. Nov. 24, 2014). "[A]n exception to the general rule is that a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." *In re Burlington Coat Factory Secs. Litig.,* 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis omitted) (internal quotation marks omitted). Notwithstanding these principles, courts may not consider

10

allegations raised for the first time in a plaintiff's opposition to a motion to dismiss. *See Pennsylvania. ex rel Zimmerman v. PepsiCo, Inc.,* 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." (internal quotation omitted)).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly,* 550 U.S. at *555* (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)) (alteration in original). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citation omitted). Nonetheless, "a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because [he] proceeds pro se." *Thakar v. Tan,* 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted). Thus, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.,* 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### B. DISCUSSION

All Defendants argue that, pursuant to *Heck v. Humphrey*, Plaintiff's claims cannot be heard because a ruling in his favor would invalidate the conviction or sentence rendered by a state court. (SPD Moving Br. at 5; OBD Moving Br. at 5.) Moreover, Plaintiff's claims are time-barred because they were filed beyond the applicable two-year statute of limitations. (*Id.* at 9; *Id.* at 9.) Finally, to the extent that Plaintiff is also seeking to reverse his state court conviction, Defendants contend that the Court lacks subject matter jurisdiction over Plaintiff's claims seeking to reverse

11

his conviction under the *Rooker-Feldman* doctrine because the relief sought would effectively reverse or void a state court decision. (*Id.* at 7; *Id*. at 7.)[6]

### 1.     The *Heck* Bar

The Amended Complaint seeks compensatory and punitive damages for harms that Plaintiff suffered due to Defendants' alleged section 1983 violations. (ECF No. 26 at 36–38.)

In *Heck v. Humphrey*, the Supreme Court held that a cause of action for money damages under section 1983 does not exist in the context of prisoner litigation if a district court's judgment would invalidate the conviction or sentence rendered by a state court unless that conviction and sentence has been reversed, vacated, expunged, or otherwise favorably terminated. 512 U.S. at 486–87. A plaintiff's lawsuit is barred under section 1983 if "establishing the basis for the . . . claim necessarily demonstrates the invalidity of the conviction." *Id.* at 481–82. "Thus, a plaintiff may not sue 'for alleged unconstitutional conduct that would invalidate his or her underlying sentence or conviction unless that conviction has already been' favorably terminated." *Ortiz v. New Jersey State Police*, 747 F. App'x 73, 77 (3d Cir. 2018) (quoting *Grier v. Klem*, 591 F.3d 672,

---

[6] Defendants (and the Court in its July Order) read a portion of the Amended Complaint to seek a reversal of Plaintiff's state court conviction. On a closer review, the Court does not read Plaintiff as seeking that relief. As a first matter, the Amended Complaint includes a section specifically spelling out the relief that Plaintiff is seeking. (ECF No. 26 at 34–36.) Only money damages are requested in that section. (*Id.*) The portion of the Amended Complaint that created the confusion for the parties and the Court as to Plaintiff's sought relief states:

> 4. Fourth aspect examines the cumulative effect to determine whether a reasonable probability exist that fraud and any issues having the same effect vitiates the lower court's ruling. No doctrine supersedes an issue of fraud entwined in any ruling without vitiating that ruling first!

(ECF No. 26 at 14.) The Court now construes this paragraph as Plaintiff merely arguing that the state court's ruling is invalid for the reasons he presents, rather than seeking an order from this Court invalidating the state court's ruling. Even assuming for the sake of argument, that Plaintiff was asking for the Court to somehow reverse his state court conviction, this Court lacks subject matter jurisdiction to do so under the *Rooker-Feldman* doctrine. In its previous Opinion, the Court already determined that Plaintiff satisfies the first, second, and third *Rooker-Feldman* elements. *Cason,* 2022 WL 2871195, at *5. If Plaintiff is indeed inviting the Court to review and reject the state court judgment because both Teator and Bracht committed perjury (Am. Compl. at 12–15), used inadmissible evidence at trial (*id.* at 10), suppressed exculpatory evidence (*id.* at 11), and committed fraud on the state court (*id.* at 17), the Court finds that the fourth element of *Rooker-Feldman* is satisfied, and the doctrine would deprive the Court of subject matter jurisdiction over such a claim.

12

677 (3d Cir. 2010)).  Further, "[c]laims for malicious prosecution or false imprisonment arising from the prosecution, arrest, and imprisonment that led to a plaintiff's conviction are clear examples of *Heck*-barred claims, because success on those claims requires showing unlawful prosecution or imprisonment." *Ortiz*, 747 F. App'x at 77.

Here, Plaintiff's claims for damages on the basis that his criminal charge was baseless is barred by *Heck* because success on those claims requires the Court to invalidate his prior prosecution and conviction. *See Heck*, 512 U.S. at 481–82.  Likewise, Plaintiff's claims that his conviction was only obtained because the testifying officers made material misstatements and that prosecutors suppressed exculpatory evidence would require the Court to render his state court conviction null and void.  Additionally, to succeed on his claim that the state court judge was biased and should have been disqualified also requires the Court to invalidate that state court's ruling during trial and other proceedings over concerns of judicial partiality—expressly prohibited under *Heck*.  *Heck* and the Third Circuit's decision in *Ortiz v. New Jersey* are controlling.  There, the plaintiff asserted claims for malicious prosecution, suppression of evidence, and fabrication of evidence arising from her state court conviction for drunk driving.  747 F. App'x at 74.  The Third Circuit held that the plaintiff's claims that "defendants fabricated and suppressed evidence [were] barred by *Heck* because success on those claims would necessarily imply the invalidity of her conviction." *Id.* at 77.  The court opined that for plaintiff to succeed on a claim that evidence was knowingly falsified and suppressed, "would necessarily imply that her conviction was invalid." *Id.* at 77–78.  Similarly here, Plaintiff's claims effectively ask the Court to invalidate the state court's holding due to the defendants' alleged fabrications and suppression of evidence.  Given that *Heck* bars such claims, the Court will grant the portion of Defendants' Motions seeking

dismissal of Plaintiff's section 1983 claims for money damages based on the *Heck* bar. Plaintiff's claims for money damages will therefore be dismissed.

### 2. Statute of Limitations

In parallel, Defendants also argue that Plaintiff's section 1983 claims are barred by the statute of limitations. (SPD Moving Br. at 9; OBPD Moving Br. at 9.) The United States Court of Appeals for the Third Circuit has considered whether a claim is barred by the statute of limitations in the context of a motion to dismiss where the viability of that defense may be discerned from the complaint itself, i.e., where the facts as pled demonstrate that the claim was not timely filed. *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n. 1. (3d Cir.1994). Section 1983 claims do not contain a statute of limitations. *Tauro v. Baer*, Civ. No. 08-1545, 2009 WL 3837247, at *5 n. 5 (W.D. Pa. Nov. 16, 2009). The federal courts look to state law to determine what statute of limitations will be applied in a section 1983 action. *Bougher v. Univ. of Pittsburgh*, 882 F.2d 74, 78 (3d Cir.1989); *see Wilson v. Garcia*, 471 U.S. 261, 268 (1985) ("The length of the limitation period . . . is to be governed by state law."). All section 1983 claims should be treated as personal injury actions in order to determine the appropriate limitations period under state law. *Bougher*, 882 F.2d at 78; *see Wilson*, 471 U.S. at 272–76, 280. In New Jersey, personal injury actions are subject to a two-year limitations period. N.J.S.A. § 2A:14-2. Therefore, the applicable statute of limitations for a section 1983 claim brought in the federal courts in New Jersey is two years.

While federal courts apply state law statute of limitations in a section 1983 action, federal law determines when a claim accrues. *Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir.1988). The statute of limitations for a section 1983 action begins to run from the time that a plaintiff knows, or has reason to know, of any injury which is the basis of the action. *Id*. A claim

accrues upon awareness of an actual injury, not upon awareness that the injury constitutes a legal wrong. *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1989).

Here, Plaintiff's Third Amended Complaint alleges violations which occurred in 2011 at the time of his criminal trial. (*See generally,* Am. Compl.) Plaintiff appealed his conviction up to the New Jersey Supreme Court, whereby certification was denied on June 18, 2014. *See State v. Cason*, 220 N.J. 100 (2014). Given that Plaintiff alleges section 1983 claims, he would have—at best—had until June 2016 to file his initial complaint against these defendants. Instead, Plaintiff filed his initial complaint in this matter on February 14, 2018—almost two years *after* the statute of limitations had run. Thus, Plaintiff's claims against Defendants are time barred.

Under the circumstances, Plaintiff's claims will be denied with prejudice because amendment would be futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (holding that the court does not need to inform plaintiff that he has leave to amend within a set period of time when the amendment would be inequitable or futile); *Atwel v. Scheiker*, 347 F. App'x. 752 (2009) (per curiam) (affirming district court's dismissal with prejudice of *Heck*-barred § 1983 claims based on elapsed statute of limitations).

**VI.   CONCLUSION**

For the reasons stated above, the Court will DENY Plaintiff's Motion to Stay, DENY Plaintiff's Motion to Vacate, DENY Plaintiff's Motion for Default Judgment, GRANT Old Bridge Police Department and Officer Bracht's Motion to Dismiss, and GRANT Sayreville Police Department and Officer Teator's Motions to Dismiss. An appropriate Order will follow.

Date: **February 27, 2023**

15

        <u>s/ Zahid N. Quraishi</u>
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**

Case 3:18-cv-02101-ZNQ-TJB   Document 100   Filed 02/27/23   Page 16 of 16 PageID: 1564